# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVON JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−1303−MJR |
| | ) |
| JOHN BALDWIN, | ) |
| ANITA BAZILE-SAWYER, and | ) |
| JOSEPH KINSEY | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Devon Johnson, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Southwestern Correctional Center. Plaintiff seeks damages, restoration of his good time credit, and an adjustment to his disciplinary record. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff arrived at Southwestern Correctional Center on August 9, 2017. (Doc. 1, p. 4). On August 20, 2017, Kinsey subjected Plaintiff to a strip search. *Id*. Plaintiff alleges that Kinsey struck him several times during the course of the search. *Id*. Plaintiff reported the incident to the administration and filed grievances. *Id*. Kinsey then began harassing Plaintiff and his witness in retaliation for the report. *Id.* The harassment was mostly verbal, but Kinsey would also frequently subject Plaintiff to cell shakedowns during which Plaintiff's personal property would be "accidentally" damaged. (Doc. 1, p. 5).

When Plaintiff's original grievance was denied by the grievance officer, he appealed to Warden Bazile-Sawyer on September 8, 2017. (Doc. 1, p. 4).

As a result of Kinsey's harassment, Plaintiff decided to arrange for a transfer out of Southwestern by refusing to participate in the substance abuse program there. (Doc. 1, p. 5). His decision not to participate caused him to draw a series of disciplinary reports. (Doc. 1, pp. 10-

14). Plaintiff was punished by loss of privileges, loss of 1 month good time credit, and a disciplinary transfer out of Southwestern. (Doc. 1, p. 5).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Kinsey used excessive force on Plaintiff during a routine strip search on August 20, 2017 in violation of the Eighth Amendment, and Bazile-Sawyer approved his conduct;
>
> **Count 2** – Kinsey retaliated against Plaintiff in violation of the First Amendment when he started a campaign of verbal harassment and frequent cell shakedowns in response to Plaintiff's pursuit of his administrative remedies.

Plaintiff's **Count 1** states a claim for excessive force. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*,

581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here Plaintiff has alleged that he was struck repeatedly during a routine strip search. There is no allegation in the Complaint that Plaintiff was acting inappropriately at the time, and no allegation that he was in need of discipline or order. That raises an inference that the use of force was not justified. Accordingly, **Count 1** shall proceed against Kinsey.

While it does not appear that Bazile-Sawyer was physically present during the alleged excessive force incident, Plaintiff has alleged that she failed to properly respond and investigate his grievance, which can raise an inference that a defendant condoned, approved, or turned a blind eye to the conduct at issue. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). For this reason, Plaintiff shall be permitted to proceed against Bazile-Sawyer in **Count 1**.

As to **Count 2,** to succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Here Plaintiff has alleged that he filed grievances and made complaints about Kinsey's actions during the strip search. Filing a truthful grievance constitutes protected activity under the

First Amendment. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). Plaintiff has satisfied the first element of the claim. Plaintiff has alleged that as a result of his grievance activity, Kinsey subjected him to verbal harassment and increased cell searches. It is plausible that such conduct would deter protected activity. It is also a reasonable inference based on the timeline alleged that Plaintiff's grievance activity was the motivation for Kinsey's conduct. On these facts, Plaintiff has stated a plausible claim for retaliation. The Court did not construe this claim against Bazile-Sawyer because Plaintiff did not allege any grounds that would show she was personally involved in this Count.

Baldwin must be dismissed from this case without prejudice. Plaintiff does not mention Baldwin at all in his statement of claim. The Court is unable to ascertain what claims, if any, Plaintiff has against him.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that

5

individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Baldwin elsewhere in his Complaint, he has not adequately stated claims against him, or put him on notice of any claims that Plaintiff may have against him. For this reason, Baldwin will be dismissed from this action without prejudice.

Plaintiff has also made several improper requests for relief in this action. Most glaringly, he has requested restoration of his good time credit. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Section 1983 jurisdiction is displaced if the habeas corpus remedy applies. *Lumbert v. Finley*, 735 F.2d 239, 242 (7th Cir. 1984).

Plaintiff's request for restoration of his good time credit is a request to change his custody level, and therefore can only be brought in a habeas proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Viens v. Daniels*, 871 F.2d 1328, 1331 (7th Cir. 1989). Of course, his claims for damages belong in this suit. *Id.* To the extent this action contains a claim requesting restoration of good time credit, that claim is dismissed with prejudice.

## **Pending Motions**

Plaintiff's Motion for appointment of counsel will be referred to Magistrate Judge Stephen C. Williams for disposition. (Doc. 3).

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Kinsey and Bazile-Sawyer; **Count 2** survives against Kinsey only. Baldwin is dismissed from this action without prejudice for failure to state a claim.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Bazile-Sawyer and Kinsey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: February 8, 2018**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**